UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TIMOTHY LANDON,<br><br>　　　　　Defendant. | Case No. 1:18-cr-00113-BLW-1<br><br>**REPORT AND RECOMMENDATION** |

　　　On October 1, 2018, Defendant Timothy Landon appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement.  The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Defendant was arrested and had his initial appearance on the Indictment before Magistrate Judge Ronald E. Bush on April 13, 2018. The Court ordered the temporary detention of Defendant pending a detention hearing. The Court conducted a detention hearing on April 18, 2018, and the Government sought detention at that time. The Court denied the Government's motion for detention and released Defendant upon his own personal recognizance subject to strict conditions of release. The conditions of release included testing for prohibited substances; seeking employment; participation in a substance abuse assessment and participation in a program of inpatient or outpatient substance abuse therapy; attending counseling as directed by Pretrial Services; location monitoring; and home detention.

Pretrial Services reports that, since his release from detention on April 8, 2018, Defendant has been compliant with all conditions of release. Defendant obtained and has maintained full-time employment. Defendant has attended drug testing and obtained a mental health assessment and treatment as directed, and he has complied with the

conditions of home detention. The Court modified the conditions of Defendant's pretrial release on August 6, 2018, by relieving him of the condition requiring home detention, without objection by the Government. Defendant has no prior criminal history.

The Government objected to the Court finding exceptional reasons to continue Defendant's release. However, other than the presumption in 18 U.S.C. § 3143(a)(2)(B), the Government is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time. Pretrial Services has recommended that Defendant's conditions of pretrial supervision be unchanged.

According to the Defendant's proffer, the Defendant has both strong family support and significant ties to the community. Defendant was referred by Pretrial Services for a mental health evaluation, which resulted in a recommendation to attend outpatient counseling sessions weekly. Defendant has been attending once weekly counseling sessions since June 1, 2018. And last, the Defendant is assisting his mother with her medical care, and the couple have two young children, for whom Defendant's wife needs assistance with their care.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment for Defendant's mental health and his employment that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued under the conditions previously imposed. The Court finds that

**REPORT AND RECOMMENDATION - 3**

exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Timothy Landon's plea of guilty to Count 1 of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant Timothy Landon's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts 8 and 9 of the Indictment (Dkt. 1) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release and as modified on August 6, 2018. (Dkt. 37, 62.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 01, 2018

Candy W. Dale
U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 4**