UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY LANDON,<br><br>Defendant. | Case No. 1:18-CR-00113-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Timothy Landon's motion for early termination from supervised release. Dkt. 171. The Government opposes the motion. Dkt. 176. For the reasons explained below, the Court will deny the motion.

# DISCUSSION

On October 1, 2018, Mr. Landon pled guilty to conspiracy to aid and abet the possession with intent to distribute and distribution of controlled substances. On February 26, 2019, the Court sentenced him to 11 months incarceration followed by 3 years of supervised release. Mr. Landon was released from the Bureau of Prisons on February 12, 2021. There have been no issues of non-compliance during his term of supervised released.

Because Mr. Landon has served more than a year of supervised release, the

Court may terminate supervised release if it determines "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Just as a court has broad discretion in imposing terms of supervised release, it has broad discretion to consider a "wide range of circumstances" in determining whether to terminate an individual's supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

After having considered these factors, the Court concludes that the interests of justice do not warrant early termination of supervision. The Court commends Mr. Landon for his performance on supervision. However, Mr. Landon has not outlined any changes in circumstances that would justify the early termination of

**MEMORANDUM DECISION AND ORDER - 2**

supervision. At best, he cites to a vague desire to travel abroad, which the Court does not find persuasive.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to terminate supervised release (Dkt. 171) is **DENIED**.

DATED: April 7, 2023

B. Lynn Winmill
U.S. District Court Judge